THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

HECTOR MANUEL RUIZ SANCHEZ, et al.,

      Petitioners,

  v.                                CIVIL ACTION NO.   3:26-cv-00401

DAVID VENTURELLA, et al.,

      Respondents.

**ORDER**

On June 15, 2026, Petitioners Hector Manuel Ruiz Sanchez and Jaime Alfonso Hernandez Rodriguez were arrested in Huntington, WV. [ECF No. 1, ¶ 17]. Petitioners are now in custody of Immigration Customs and Enforcement, believed to be in processing in the Southern District of West Virginia. *Id.* ¶¶ 1, 7, 17. On the same day as their arrest, Petitioners filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1].

On June 15, 2026, the court ordered Respondents to show cause why the petition should be not granted. [ECF No. 6]. Respondents responded, [ECF No. 9-1], and Petitioners replied, [ECF No. 10]. The matter is ripe for review, Petitioners remain unlawfully detained, and the court finds it unnecessary to conduct a hearing.

This habeas petition challenges the detention of two petitioners. As for Petitioner Hector Manuel Ruiz Sanchez, the Respondents concede that "this Court's prior rulings are applicable to Petitioner Ruiz Sanchez if the Court adheres to those decisions." [ECF No. 9-1, at 3] (footnote omitted). And like so many cases previously before the court, the Respondents "will not offer additional evidence beyond documents attached hereto, nor will [they] present any witnesses." *Id.*

Once again the Respondents confirm that they intend to waste the court's time, expend valuable judicial resources, and flagrantly violate the constitutional due process rights of noncitizens. Accordingly, the court **GRANTS** the Petition, [ECF No. 1], as it relates to Petitioner Hector Manuel Ruiz Sanchez.[1]

According to the Respondents, the other petitioner, Jaime Alfonso Hernandez Rodriguez, presents "different factual and legal arguments than those" addressed by the court. [ECF No. 9-1, at 4]. But beyond the documents attached to their response, Respondents do not intend to "present evidence or witnesses . . . regarding the circumstances of the initial stop or present a witness to substantiate the actions by U.S. Immigration and Customs Enforcement officers." *Id.*

The only evidence Respondents put forward is a form that Petitioner agreed to voluntarily deport and remain in DHS custody. But the single document does not offer, nor do Respondents intend to introduce, any evidence of Petitioner's understanding of the document or the nature of his consent. Accordingly, the court finds unpersuasive the fact that Petitioner Hernandez Rodriguez has elected to voluntarily deport. Even in his cooperation with ICE, Petitioner is still protected by the Constitution and Due Process. This court has held as much before, as have other judges in this district. Therefore, the court **GRANTS** the Petition, **[ECF No. 1]**, as it relates to Petitioner Hernandez Rodriguez.

The practice of federal agents pursuing noncitizens, detaining them, and then transporting them out of the district continues to frustrate the judicial system and tarnish the credibility of all agents and lawyers involved. *Cruz-Cruz v. Venturella*, No. 3:26-cv-00404, [ECF No. 10, at 2]

---

[1] The court relies on its previous opinions and the opinions of the other judges in the district who have thoroughly addressed and wholly rejected the Respondents' interpretation of the civil immigration code governing mandatory and discretionary detention. *See Izaguirre v. Mason*, No. 2:26-cv-00121, 2026 WL 561235, at *3–5 (S.D. W. Va. Feb. 27, 2026) (Goodwin, J.) ("The Government is wrong. Judges in this district have said that over and over and over again.") (collecting cases) (footnotes omitted).

(S.D. W. Va. June 22, 2026) (Johnston, J.) ("The copy and paste response of the same, rejected arguments erodes the public trust in the Government attorneys tasked with upholding the rule of law and ensuring that the laws be faithfully executed. . . . Even worse, ICE's continued unconstitutional conduct despite repeated judicial findings of illegality erodes the public's respect for the law itself." (quotation omitted)).

For these reasons, discussed more thoroughly in *Larrazabal-Gonzalez* and *Gutierrez Aroca*, the Government's Motion to Dismiss, **[ECF No. 9-1]**, is **DENIED**, and the Amended Verified Petition for Writ of Habeas Corpus, **[ECF No. 11]**, is **GRANTED**. Respondents are **ORDERED** to **RELEASE PETITIONERS IMMEDIATELY.** Respondents are **PROHIBITED** from re-arresting and detaining Petitioners absent significant change in circumstances to justify detention or subject to the determination of an Immigration Judge for a period of thirty days. Respondents are **DIRECTED** to return all seized personal items of the Petitioners.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER:        July 1, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE